Good morning, Your Honors. Sung Park on behalf of the appellant in this case. May it please the Court. According to Shepard v. United States, the United States Supreme Court held that Taylor v. U.S.'s categorical approach to determining whether an offense, what kind of offense was the prior offense, applies to the Supreme Court. applies to guilty pleas and not only to trial cases. And in that case, the U.S. Supreme Court held that the courts may not look beyond the statutory definition, the charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented. And therefore, in this case, this Court may not look to the minute order to determine the age of the appellant's victim. MS. SUMMERS What court was the minute order entered in? MR. SHEPARD In which court? MS. SUMMERS Yes. MR. SHEPARD It was the Superior Court of L.A. County, Your Honor. THE COURT In the same case that the defendant was involved in. MR. SHEPARD Which same case? THE COURT Yes. MS. SUMMERS Yes. It was. And the minute order was entered by whom? MR. SHEPARD By the trial judge, trial court. MS. SUMMERS By the trial court. THE COURT That's correct, Your Honor. MS. SUMMERS Under the direction of the trial judge? MR. SHEPARD That's correct, Your Honor. And it lays out the proceedings of what occurred. Now, I guess — MS. SUMMERS Is that a matter of public record? MR. SHEPARD That's correct, Your Honor. That's a matter of public record. THE COURT And precisely what is it that prohibits us from looking to that minute order? MR. SHEPARD Because, first of all, the trial court did not make any factual findings as to the age of the victim. Second of all, the appellant or the defendant in this case did not admit to the factual basis of that age. MS. SUMMERS Well, that wasn't the question. Why can't we look to that minute order is an official record of the Court. MR. SHEPARD The United States Supreme Court stated specifically that it could only look to the charging document and the plea agreement and the statutory definition of the crime that he was convicted of. THE COURT Nothing else? MR. SHEPARD Nothing else. MS. SUMMERS Well, you can look at the judgment, can't you? MR. SHEPARD That's correct, Your Honor. You can look at the judgment because that stems from the conviction. THE COURT Doesn't this minute order correct the judgment and add to it a sentence including the date of birth of Angelica Stillo? Why isn't this part of the judgment? Judgment clerk is ordered to prepare an amended abstract of judgment. So then if we take a look at the entire judgment, we find in there a specification of her date of birth. So isn't that part of the final judgment? MR. SHEPARD It appears to be part of the final judgment, although without the May 7th minute order, it's not clear. What's not clear? It says the judgment clerk is ordered to prepare an amended abstract. What isn't clear about that? It's in a minute order, but the minute order amends the judgment, the way I read it. THE COURT That's correct, Your Honor. MS. SUMMERS Well, is there any – let me ask you in another way. Is there any good reason in the world why we shouldn't be able to rely on that? Because don't tell me that the Supreme Court said these words in the context of that case. But, you know, as a matter of policy or sound administration. MR. SHEPARD Well, if it was part of the judgment, then I would submit that the Court may consider that. If it was any other document, then we would submit that the Court may not consider it. Moving on to the second point, even if the Court were to consider this judgment and consider the victim's age, we would argue that this crime did not necessarily include a risk of physical injury in this case, so that the Court would still be correct in concluding that this did not constitute a crime of violence. THE COURT What's the definition? MR. SHEPARD It's not a potential risk of physical injury. That's in there as well. MR. SHEPARD That's correct, Your Honor. However, this California Penal Code statute covers any sexual penetration, however slight, with a person under the age of 18. And in doing so, and as argued by the briefs, it appears that that section covers consensual sexual penetration, because there are other subsections that deal with nonconsensual sexual penetration. And because it appears that it applies to consensual sexual penetration, however slight, we don't believe that there was any potential for physical injury if it was a minor penetration with consent of the victim. THE COURT Well, what's the definition of physical injury? I mean, if you take a look at the Grandboy case, it concludes that crimes involving the sexual abuse of a minor are per se crimes of violence. Why aren't we dealing with a similar situation here? MR. SHEPARD That's correct, Your Honor. And that case, as Justice Bee pointed out in the concurrent opinion of Asbury. THE COURT Justice Beyer. MR. SHEPARD Beyer pointed out in the concurrent opinion in Asbury. MR. SHEPARD It's wrong. THE COURT It's wrong. MR. SHEPARD Basically. THE COURT That's irrelevant, though. I mean, it may be for a new case. But isn't the law of the circuit right now that crimes involving the sexual abuse of a minor are per se crimes of violence?  However, even in Asbury, after stating that the sexual abuse of a minor may be a crime of violence per se, it still went on to discuss whether the statutory rape constituted a crime where potential risk of injury was involved. THE COURT You're talking about which case now, Atterbury? MR. SHEPARD Asbury. THE COURT Asbury. MR. SHEPARD That's correct, Your Honor. It went on to state that even if statutory rape were not a per se crime of violence, you would fall within the terms of Guidelines Section 4B.1.2 because the court concluded that it included the risk of injury, potential injury, in that case. And there was a case after Pereira-Selmaran, which Granboy's case followed, U.S. v. Melton, in which the court also made a reservation in concluding which age and which conduct would constitute potential risk of injury. To quote that case, it says, We do not need to draw any bright line here with regard to age or range of conduct because the Alaska sexual abuse statute contains an additional element that bears upon our analysis. And it went on to analyze why that Alaskan statute constituted a crime of violence. Now, in this case, we have a 15- or 14-year-old victim. And we don't know what the extent of the penetration is. We don't know what actually occurred, only that there was a penetration of some sort. And we said that the defendant was how old? Over. I believe he was over 25. And we submit that that situation alone does not constitute crime of violence because there was no risk of potential injury. You have used your time. Thank you. It may be brief. May it please the Court, Eric Silver on behalf of the United States. There's two points from the government's perspective. One is that the Court doesn't need to reach the issue of age because under Granboe and Asbury, this Court has decided that sexual abuse of a minor constitutes a crime of violence. Granboe, what was the crime that was involved? It was carnal knowledge under the federal sex abuse statute. Which is what? It involves, as the defendant there argued, it could have been violated by a mere touching of the inner thigh over a person's clothing. In fact, that was the defendant's argument about why it couldn't be a crime of violence. And this Court in Granboe said this Court need not determine whether that would, in fact, involve a serious risk of injury because sexual abuse of a minor is per se a crime of violence under 2L1.2 and the same definition applies under 4B1.2. But doesn't it require a person of majority in Granboe to commit the crime? I do believe that that was correct there. And here you have an odd situation where, as I read the statute, correct me if I'm wrong, a 14-year-old could violate this statute by any kind of penetration with a 17-year-old. So you could have a 14-year-old, assuming that you could get a 14-year-old into some kind of a court setting, but isn't that a major difference, a material difference between Granboe and this case? I do think that that is a difference in the statute. As I look at it, as Your Honor has, it says any person can violate it. Yeah, any person. So it could be, theoretically, a 10-year-old, a 17-year-old. You know, marry the crazy cases that we're seeing now with teachers and young kids. I mean, Philly could have been convicted of this with whatever her name was, Turnboer. I mean, I think that there's two responses to it. First of all is I think this case is somewhat similar to what happened in Martinez-Perez, which dealt with, and at this point I'm talking about the modified categorical approach, where there the California offense of grand theft was not itself going to meet the definition element by element because aiding and abetting liability could have been a way in which the defendant could be held responsible, and that wouldn't have been a crime of violence. But this Court looked at the minute order in that case and the judgment and indicated there's no co-defendant listed. And so in that particular case, it couldn't have been aiding and abetting liability. I think this Court can look at the minute order in this case and determine that there's no juvenile adjudication on the minute order anywhere represented, and therefore there was no, the defendant was not a juvenile in this case. Looking only at the documents. But we've moved from categorical to modified categorical. That is true, although I do think that the other. See, none of the other cases that I can find have this Mary Jo Letourneau kind of overlay to them where you can have a young person with an older person. So I'm wondering whether that doesn't make this a different situation. Well, I certainly think given here where there's no indication in the charging document that this individual is a juvenile, at least under the modified categorical approach, this Court can look at that. There's also no indication here that the defendant was, excuse me, that the victim was charged as well. Presumably if it was a 14-year-old and a 14-year-old, you would have, if you were going to charge it, a double charge in that case. I mean, I think the fact. And the victim would have been charged with allowing herself to be penetrated? Well, presumably if its defendant asserts it was a consensual act between, for example, a 17-year-old and a 16-year-old, if they would have both in that circumstance violated the statute. Presumably if one was going to be charged, the other would be charged in that case. Presumably? You ever work in a DA's office? No, I haven't. Okay. End of presumption. Well, I think at least that this Court can look at the absence of any juvenile, any reference to juvenile in the minute order in this case. And I do think it's appropriate under Shepard to look at that under the modified category. Yeah, my only point is this is a different kind of a crime than the kinds of crimes that we were dealing with in other cases. I do agree that other cases have involved, at least my looking at the statute, have involved necessarily someone that is older. Right, older offenders and younger victims. And here it could be the other way around. I think that's right, although I still think it would satisfy the definition of sexual abuse of a minor in statutory rape regardless of whether the defendant was under the age of 18. I mean, I don't think that the sexual abuse of a minor definition is necessarily looked at the age of the defendant, although obviously this would be more of a unique situation. But it's looked at the purpose that the defendant engaged in the act for. So if it was done for the purposes of sexual gratification, that constitutes sexual abuse of a minor. So is this done for the purpose of sexual gratification? Well, by definition of the statute, it has to have been. It has to have been for gratification. This is under 289K, which defines sexual penetration. It has to have been for gratification or abuse. Certainly if it was done for abuse, it would meet the plain wording of sexual abuse of a minor. But given that it has to have been done for gratification, I do think that it meets this Court's definition. K-1 requires sexual some kind of another gratification or arousal. So, I mean, I think that's the definition this Court has looked at in Barron-Medina and Mendoza-Ribe and Pereira-Salmaron for what constitutes sexual abuse of a minor. So even if this was the kind of extraordinary case in which you had someone who was under the age of 18 committing the act against someone else who was under the age of 18, I still think it would meet the definition, again, either of statutory rape or sexual abuse of a minor. I do think, though, that the Court can simply look at the minute order in this case under the modified categorical approach. The Supreme Court in Shepard did indicate that, although it didn't list judgment in the documents it could look at, it did say other comparable judicial documents. You know, what's a little bit interesting to me is we've got a minute order that directs the judge or, excuse me, directs the judgment clerk to prepare an amended abstract of judgment. Do we have the amended abstract of judgment itself in our record? We don't have anything besides the minute order. Why don't we have the amended abstract of judgment? Why are we left with the minute order, and how do we know if this ever happened? Well, at least the government indicated to the district court that it was unable to get the documents from the state prosecutor. Well, that begins to sound awfully suspicious. Do they exist? The federal government was unable to get the amended abstract of judgment, and yet it was able to get the minute order? No, it actually came from the defendant, the minute order. It didn't come from the government. You got it from the defendant? He attached it to his initial paper. I thought you said the government was unable to get the amended abstract of judgment. It was. The government didn't get any. What do you mean by unable to get? As I understand it, he did try and did not get a response. Where does it show that in the record? You know, trust but verify. So I see an order here from a minute order, but the other side seems to concede that, but I don't see any amended abstract of judgment. It would seem to me the first thing you ought to do is, if you're trying to use this in a sentencing context, is get the amended abstract of judgment. I mean, the superior court is not that difficult to deal with. I apologize, Your Honor, for some reason I don't have it written down where the AUSA indicated that he was. You see what I'm getting at? You get a minute order from somebody else. You tell me you're unable to get the final judgment. I'm just baffled by the lack of the judgment in this case. Well, I mean, at least to the minimum, I would note that the minute order does indicate that the judgment shall be. No, the clerk has ordered. Let's assume for a second then there wasn't one. Let's say it never happened. Then we really, where are we? Well, I mean, I would seem to me that the order itself is controlling not the abstract of judgment. I mean, this Court indicated that in Navidad Marcos, that it's actually the order itself, not the preparation of the abstract, which controls. So I think given that the minute order is what directs this determination and has this order in it, that that's what controls actually rather than the abstract. I mean, it would be more helpful. Well, you know, if your office did its job properly, why would we have to go through all of this? I mean, I agree it's the government's responsibility to obtain these documents, and they weren't done here. But I see no indication that, no suggestion that this wasn't followed. On top of that, as I've indicated, this is the order that the Court entered. I mean, the Court was required to do this under California Penal Code Section 1202.05. It was required to make this order. This is the order, although the abstract should have been amended to reflect that. I do think under this Court's precedent, this is the determinative document, not the order from the defendant. This was attached to the defendant's objection to the petition, I take it. That's right. This is not a document that came from the government. It came from the defendant. The government had no documents other than the police report. Well, Navidad-Marcos says, as we have noted repeatedly, the government has the burden to establish clearly and unequivocally the condition was based on all the elements of a qualifying predicate offense. Indeed, we have explained that the documents used to satisfy a modified categorical quote must meet a rigorous standard. An abstract of judgment is not the judgment of conviction. It does not control. It's different from the trial court's oral judgment. The abstract of judgment is not the judgment of conviction in that it may not add to  establish that Navidad-Marcos entered a guilty plea. Well, I think we know where we are. I'd be happy to submit the page site and I apologize for not having that available. Thank you. The charging document, is that in the record? No. The only document that reflects the charges is the same minute order. I mean, the only two documents that are in the record in this case are the minute order. So the government really did nothing? The government. That's what it sounds like to me. Well, the defendant was relying, I take it, on this to show that there wasn't an aggravated offense. Well, he was relying on this to show that there was no force involved. Force involved, yeah. That was the main issue. I mean, there was no challenge in the district court to the district court's ability to make a determination of age. So the main challenge to begin with was whether this was a force, because the charging document, the probation office here called it a sexual penetration by force. The defendant was attempting to show, look, it wasn't by force. Here's the document that indicates that it's just 289H, which is sexual. So that's why it was admitted as an aggravated offense. Okay, thank you. The case to start is submitted for decision. The next case, Jose Manuel Villalon v. Calderon, is submitted on the briefs. The next case for argument is Green v. Yarbrough.
judges: Schroeder, Pregerson, Trott